IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| HELENE SOLOMON,<br><br>　　Plaintiff,<br><br>　v.<br><br>HOLLAND AMERICA LINE, INC., a Washington corporation; HOLLAND AMERICA LINE - U.S.A. INC, a Delaware corporation; HOLLAND AMERICA LINE N.V. LLC, a Curacao corporation; and HAL ANTILLEN N.V., a Curacao corporation,<br><br>　　Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES AND PERSONAL INJURIES<br><br>JURY DEMAND |

COMES NOW the above-captioned Plaintiff, by and through her undersigned attorney of record, David P. Roosa of FRIEDMAN │ RUBIN PLLP, and for cause of action alleges and asserts as follows:

**I. PARTIES**

1. Plaintiff Helene Solomon is a resident of New York, New York County (Manhattan), New York, and is a citizen of New York.

Complaint for Damages and Personal Injuries – Page 1
*Solomon v. HAL, et al.*

FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

2. Defendant Holland America Line, Inc. (hereinafter "HAL, Inc."), is a corporation formed and existing by virtue of the laws of the state of Washington. Defendant HAL, Inc., has its principal place of business in Seattle, King County, Washington, and was an agent of Defendants Holland America Line N.V. and HAL Antillen N.V. at all times material hereto.

3. Defendant Holland America Line – U.S.A. Inc. (hereinafter "HAL – U.S.A.") is a corporation formed and existing by virtue of the laws of the state of Delaware. Defendant HAL – U.S.A. has its principal place of business in Seattle, King County, Washington, and was an agent of Defendants Holland America Line N.V. and HAL Antillen N.V. at all times material hereto.

4. Defendant Holland America Line N.V. LLC (hereinafter "HAL N.V.") is a foreign corporation formed and existing by virtue of the laws of Curacao. Defendant HAL N.V. chartered the *ms Koningsdam* at all times material hereto.

5. Defendant HAL Antillen N.V. (hereinafter "HAL Antillen N.V.") is a foreign corporation formed and existing by virtue of the laws of Curacao. Defendant HAL Antillen N.V. owned the *ms Koningsdam* at all times material hereto.

## II. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 (diversity) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there exists complete diversity of citizenship between Plaintiff, who is a New York citizen, and Defendants HAL N.V. and HAL Antillen N.V., both Curacao corporations, and Defendants HAL, Inc. and HAL – U.S.A., both Washington corporations.

Complaint for Damages and Personal Injuries – Page 2
*Solomon v. HAL, et al.*

FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

7. This Court has personal jurisdiction over Defendants HAL, N.V.; HAL Antillen N.V.; HAL, Inc.; and HAL – U.S.A. General jurisdiction exists for all defendants based on their substantial, continuous, and systematic business contacts with the state of Washington.

8. Venue is proper in this District under 28 U.S.C.§ 1391(b), (c) because all of the defendants are subject to the Court's personal jurisdiction with respect to the civil action in question and therefore reside within this District.

9. Personal jurisdiction also exists and venue is also properly lodged in this Court pursuant to the forum-selection clause contained in the Cruise Contract.

### III. FACTS OF THE OCCURRENCE

10. Plaintiff entered into a contract of carriage with the defendants, which was issued in Seattle, Washington, for the purpose of passage on the vessel *ms Koningsdam* for a cruise.

11. The *ms Koningsdam* is a luxury passenger cruise ship owned and operated by Defendants in their business as a provider of cruise services and travel.

12. The cruise began in Rome, Italy, on or about October 31, 2019, and returned to Fort Lauderdale, Florida on November 13, 2019, after cruising the Mediterranean.

13. On or about November 6, 2019, while at sea, Ms. Solomon was playing ping pong on the upper deck of the ship. As she walked to retrieve a ball, she lost her footing on a slippery spot on the floor, and she fell. A HAL employee who responded to the scene admitted that he also believed the floor was slippery.

14. As a direct and proximate result of this occurrence, Ms. Solomon suffered serious injuries including, but not limited to a fracture of her right femur.

Complaint for Damages and Personal Injuries – Page 3
*Solomon v. HAL, et al.*

FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

15. Defendants' staff aboard the *ms Koningsdam* failed to use due care for the safety of others by failing to maintain the deck in a safe manner, passengers were expected to be walking.

16. Upon information and belief, Defendants failed to properly post warnings, implement policies and procedures, or otherwise take steps that would have prevented this incident from occurring.

17. Plaintiff committed no negligent act and was not at-fault for the subject incident.

18. At all times material hereto, each of the defendants were agents, employees, and/or representatives of each other and acted within the course and scope of their employment and/or agency.

19. Plaintiff was a fare-paying passenger aboard the *ms Koningsdam* at all times material hereto.

20. Plaintiff has met all conditions precedent to maintaining this action including delivering written notice of her claim pursuant to the "Cruise and Cruisetour Contract" (hereinafter "Cruise Contract").

### IV. LIABILITY
### (TORTIOUS CONDUCT AND INACTION)

21. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 20 above as if fully set forth herein.

22. Defendants owed Plaintiff a duty to exercise reasonable care under the circumstances. This duty included (a) a duty to warn passengers of an unreasonably dangerous condition of which they were actually or constructively aware, (b) a duty to properly maintain the vessel in a reasonably safe condition, and (c) a duty to exercise reasonable care for the safety of its passengers on their ship.

Complaint for Damages and Personal Injuries – Page 4
*Solomon v. HAL, et al.*

FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

23. Defendants knew or reasonably should have known about the unreasonably dangerous condition posed by failing to maintain the deck where passengers were expected to walk.

24. The unreasonably dangerous condition posed by the slippery floor was not apparent, open, or obvious to Plaintiff.

25. It is reasonably foreseeable that a slippery substance on the deck could cause injury to passengers utilizing the deck.

26. Defendants breached their duty of reasonable care by, *inter alia*, failing to warn Plaintiff of the unreasonably dangerous condition posed by the slippery deck, failing to keep the deck free of all hazards, and failing to implement and follow appropriate safety and cleaning precautions that could have prevented this incident.

27. Plaintiff's injuries and damages are a direct and proximate result of Defendants' negligent failures and/or omissions alleged herein.

## V. DAMAGES

28. Plaintiff realleges and incorporate by reference the allegations in Paragraphs 1 through 27 above as if fully set forth herein.

29. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred reasonable and necessary medical expenses, and will incur future medical expenses related to Defendants' negligence.

30. As a further direct and proximate result of Defendants' negligence, Plaintiff has experienced pain and suffering, both mental and physical, and disability, and with a reasonable certainty will experience same in the future. Further, Plaintiff has suffered a reduction in Plaintiff's ability to enjoy life, both past and future, as she previously enjoyed.

Complaint for Damages and Personal Injuries – Page 5
*Solomon v. HAL, et al.*

FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

## VII. JURY DEMAND

31. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury as to all issues so triable in this action.

## VIII. RELIEF REQUESTED

WHEREFORE, Plaintiff requests the following relief against Defendants, jointly and severally:

A. For monetary judgment in such sum as will fully and fairly compensate Plaintiff for her injuries, general damages, special damages, including prejudgment interest, other damages to be proven at trial, and attorney fees and costs and disbursements herein, together with such other relief as the Court deems fair and equitable.

DATED this 4th of August, 2020.

FRIEDMAN | RUBIN PLLC

/s/ David P. Roosa
David P. Roosa, WSBA #45266
Attorneys for Plaintiff
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
Phone: (206) 501-4446
Fax: (206) 623-0794
droosa@friedmanrubin.com

Complaint for Damages and Personal Injuries – Page 6
*Solomon v. HAL, et al.*

FRIEDMAN | RUBIN PLLC
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446